** Summary **
COUNTY COMMISSIONERS — AUTHORITY OVER COUNTY HOSPITALS Any funds received by the county hospital not designated as a special fund must be deposited in the county treasury in the County Hospital Fund. Further, the Board of County Commissioners does have the power and authority to lease the hospital and equipment therein to a charitable non-profit organization, thereby creating a public trust. The county must be the beneficiary, otherwise the Board of County Commissioners may not lease the hospital and equipment therein unless the specific leasing be authorized by the voters of the county at a general election or a special election called for such purpose and approved by a majority of the electors voting on that proposition. The only funds over which the Board of County Commissioners has any control are those relating to the bonds voted for construction of the hospital and proceeds derived pursuant to 19 O.S. 790.1 [19-790.1] (1972), and 19 O.S. 793 [19-793] [19-793] (1971). The Attorney General is in receipt of your letter wherein you state in pertinent part: "The Love County Health Center is fully constructed and is being operated by the Board of Controls subject to the authority of the Board of County Commissioners. Since opening, the hospital has been operating under a financial system whereby no warrants are being issued through the County Treasurer's office. The bills and accounts payable of the hospital are not paid by claims issued through the County Treasurer's office, but by invoices paid by the Board of Control out of the General Fund Account with the First State Bank of Marietta, Oklahoma. The hospital has one other bank account with the First State Bank, to-wit: the payroll account. The hospital is paid its accounts by private parties (patients), Medicare, welfare or commercial insurers. All funds collected by the hospital are deposited directly into the General Fund Account with First Bank." You requested this office to answer three questions: 1. Under the statutes, is the Board of Control, under the authority of the Board of County Commissioners, properly handling the financial management of funds payable by and to the hospital for its day-to-day operations? 2. Does the Board of County Commissioners have the power and authority to lease the hospital and the equipment therein to a charitable, non-profit organization thus creating a beneficial public trust? 3. Are the only funds over which the Board of County Commissioners has any control those relating to the voted bonds for construction of the hospital and the proceeds derived pursuant to 19 O.S. 790.1 [19-790.1] (1972)? In answer to your first question, Title 19 O.S. 790.1 [19-790.1](c)(2), states in pertinent part: "Funds received by the hospital for services or otherwise not specifically designated to a special fund by the Board of Control shall be deposited in the treasury of the county to the "County Hospital Fund." Current receipts by the hospital, including tuition fees of any school operated by the hospital, shall be deposited in said fund at least every week. . . ." As the language of the statute indicates, any funds received by the hospital not designated to a special fund must be deposited in the county treasury in the County Hospital Fund. The funds you have described in your letter "General Fund" kept in the First Bank of Marietta could not qualify, using any reasonable interpretation, as a "special fund" as described by the statutes since the funds are general purpose funds; therefore, it is the opinion of the Attorney General that the funds deposited in this "General Fund" account must be deposited in the county treasury as mandated by the statute. In the case of In re Arbuckle Conservancy District v. Petitti, 474 P.2d 385, the Oklahoma Supreme Court stated in the syllabus: "The maxim 'expressio unius est exclusio alterius' means that mention of one thing in a statute implies exclusion of another." Applying this rule of statutory construction to 19 O.S. 190.1 [19-190.1](d), leads to the conclusion that the Legislature intended that the four enumerated special funds were to be exclusive as far as what special funds could be maintained outside of the county treasury. Therefore, it is the opinion of the Attorney General that only the special funds enumerated in 19 O.S. 190.1 [19-190.1](d) may be maintained in banks or otherwise outside of the county treasury. All other special funds or funds of any type must be kept in the county treasury. Regarding your second question, under 19 O.S. 789 [19-789], the Board of County Commissioners does have the power and authority to lease the hospital and the equipment therein to a charitable, non-profit organization thus creating a beneficial public trust if the county is the beneficiary. If the county is not to be the beneficiary, the Board of County Commissioners may not lease the hospital and equipment therein unless the specific leasing be authorized by the voters of the county at a general election or a special election called for such purpose and approved by a majority vote of the electors voting on such proposition at any such election. In answer to your third question, the only funds over which the Board of County Commissioners has any control, besides those relating to the bonds voted for construction of the hospital, and the proceeds derived pursuant to 19 O.S. 790.1 [19-790.1] (1972), are any funds received by the County Commissioners under 19 O.S. 793 [19-793] for the use of the hospital. (Robert H. Mitchell)